**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**OLIVER ROSS**                                                   **CIVIL ACTION**

**VERSUS**                                                        **NO. 15-4162**

**LOWE'S HOME CENTERS, LLC**                                      **SECTION "B"(3)**

### ORDER AND REASONS

Before the Court is Plaintiff Oliver Ross's ("Plaintiff" or "Ross") "Motion for Sanctions due to Spoliation of Evidence, Adverse Inference and to Strike Defenses." Rec. Doc. 10. Defendant Lowe's Home Centers, LLC ("Lowe's" or "Defendant") timely filed an opposition memorandum. Rec. Doc. 21. For the reasons enumerated below,

**IT IS ORDERED** that the Motion is **DENIED**.

This case arises out of injuries allegedly suffered by Plaintiff while shopping at the Lowe's Home Center located at 5770 Reed Boulevard in New Orleans, Louisiana. Rec. Doc. 1-1 at 1. According to Ross, he was looking at fans when one fan, which was not bolted down in any way, fell on top of his head. *Id*. He claims to have suffered severe and disabling injuries as a result of Lowe's negligence in failing to provide safe premises for its guests. *Id*. at 2-3.

On May 5, 2015 Ross filed a Petition for Damages in the Civil District Court for the Parish of New Orleans, seeking damages for pain and suffering, loss of quality of life, medical expenses,

1

permanent disability, and loss of wages. Rec. Doc. 1-1 at 2. Lowe's subsequently filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446. Rec. Doc. 1 at 1.

"Spoliation of evidence 'is the destruction or the significant and meaningful alteration of evidence.'" *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (quoting *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp. 2d 598, 612 (S.D. Tex. 2010)). A party has a duty to preserve evidence when it knows, or should know, that the evidence may be relevant to future litigation. *Guzman*, 804 F.3d at 713 (citing *Rimkis*, 688 F.Supp. 2d at 612). Sanctions or an adverse inference against the spoliator is permitted only upon a showing of "bad faith" or "bad conduct." *Guzman*, F.3d at 713 (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005)). With respect to spoliation, bad faith is "destruction for the purpose of hiding adverse evidence." *Guzman*, F.3d at 713.

Plaintiff argues that Lowe's had a duty to preserve the fan because of internal company policies instructing employees to retain any product involved in an incident. Rec. Doc. 10-1 at 4. However, Plaintiff fails to offer evidence to show that Lowe's employees received notice of future litigation or should have known that the fan may be relevant to future litigation. The incident alone, without more, does not itself equate to notice of future litigation, and thus did not obligate Lowe's employees to preserve

the fan. See *Menges v. Cliffs Drilling, Co.*, No. 99-2159, 2000 WL 765082, at *2 (E.D. La. June 12, 2000).

Furthermore, even if Defendant had a duty to preserve the fan, Plaintiff fails to provide evidence that Lowe's employees destroyed the fan with the intention of depriving Plaintiff of key evidence. Rec. Doc. 10-1. Instead, witness testimony suggests only a lack of knowledge as to the whereabouts of the fan. Rec. Doc. 10-6 at 3, Rec. Doc. 21-3 at 2. In addition, both parties were given access to examine a fan of similar make and model as that from the incident, and neither party was able to examine the exact fan that allegedly caused Plaintiff's injury. Rec. Doc. 21 at 9. As such, neither party gained an advantage over the other.

Plaintiff cites several cases in its brief in support of its argument that Lowe's had a duty to preserve the fan and that Defendant destroyed the fan in bad faith. However, this Court finds this case law unpersuasive. First, Plaintiff cites *Consolidated Aluminum Corp. v. Alcoa, Inc.* to illustrate that a culpable state of mind must include fraudulent intent and a desire to suppress the truth. *Consolidated Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 343-44 (M.D. La. 2006). This example is not supportive of Plaintiff's argument, however, because Plaintiff has failed to provide any evidence that Lowe's acted with bad faith or with an intent to deprive Plaintiff of key evidence. Plaintiff's references to both *Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263

3

(8th Cir. 1993), and *Capellupo v. FMC Corporation*, 126 F.R.D. 545 (D. Minn. 1989), are also unconvincing. Both *Dillon* and *Capellupo* are distinguishable from the case at hand because the parties involved in both those cases had notice, or clearly should have known, that the implicated evidence may be relevant to future litigation. *See Dillon*, 986 F.2d at 267; *Capellupo*, 126 F.R.D. at 546-47. In *Dillon*, the evidence, an automobile, was destroyed by the plaintiff after the plaintiff's expert examined the vehicle, but before the defense was given the opportunity to examine it. *Dillon*, 986 F.2d at 265-66. In *Capellupo*, correspondence existed between the parties which evidenced possible future litigation. *Capellupo*, 126 F.R.D. at 546-47. The case at hand lacks evidence of any such notice.

Therefore, because Plaintiff has offered no evidence that Lowe's had notice of future litigation, or that Lowe's destroyed the fan in bad faith to hide key evidence, Plaintiff has failed to show the elements of spoliation.

New Orleans, Louisiana, this 24th day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE